IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:   CONSTANCE GIRATOS | ) |
| | ) Case No.: |
| | ) |
| Movant. | ) |

**MOTION TO QUASH SUBPOENA, STAY PROCEEDINGS & MOTION FOR SANCTIONS**

Comes now Movant, by and through her counsel of record, John C. Kress of The Kress Law Firm, LLC, and for her Motion to Quash Subpoena, Stay Proceedings & For Sanctions states as follows:

1. Constance Giratos is a Missouri Resident, and client of The Kress Law Firm, LLC.

2. On January 8, 2013, John C. Kress filed an objection on behalf of Movant to a class-action settlement pending in the United States District Court for the Central District of California entitled *Samantha Ellison v. Steven Madden Ltd.*, Case No. CV 11-5935 PSG AGR, asserting that class counsel is misrepresenting the value of the settlement to the class members, claiming a value of 10 Million Dollars when the fact is the settlement is only a value of 5 Million in order to justify class counsels' attorneys fees request of 2.5 Million Dollars.

3. Shortly after filing such objection, Movant's Counsel received communications from Class Counsel claiming that they were unable to verify her standing as a class member in their database.

4. Movant's Counsel advised Class Counsel that they would attempt to provide additional information that could be corroborated in the database held by class counsel.

5. On January 14, 2013, Movant's counsel withdrew her objection, as he was unable to provide such information that allegedly would establish her standing as a class member in Class Counsels' data base (EXHIBIT 1, Doc# 54, ID# 528, attached hereto, and incorporated by reference herein, Notice of Withdrawal of Objection of Constance Giratos).

6.	On the evening of January 23, 2013, Movant was served with a subpoeana[1] (EXHIBIT 2, attached hereto, and incorporated by reference herein), seeking records and information from January 1, 2006 forward concerning:  any previous legal matters involving Movant and her counsel; fee agreements;  communications with her attorney or another objector or other attorneys; notes of Movant's telephone conversations with her attorney(s), and telephone bills.  Ms. Giratos' deposition is scheduled for January 30, 2013.

7.	No authority supports the subpoenaing of Ms. Giratos who has no interest in the underlying litigation, and has caused her objection to be withdrawn. Indeed, the burden of showing relevance for such disclosures rests upon Class Counsel.  No justification exists for deposing a person who has withdrawn herself from the proceedings (Exhibit 1) in which she cannot corroborate her status as a class member according to class counsel's records.  Federal Rule of Civil Procedure 26 provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of a party." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir., 2003) (emphasis mine). Here, Class Counsel cannot articulate how obtaining Ms. Giratos' deposition and having her produce documents would provide them with a "claim for defense" to their proposed settlement in the underlying case- particularly since she has withdrawn her objection at the request of Class Counsel.  Obviously, Ms. Giratos is no longer opposing Class Counsels' proposed settlement, making the burden or expense of producing the discovery outweighing its benefit. *Id.*  Indeed, there is no information that Ms. Giratos could contribute that would be relevant given these circumstances, and the Motion to Quash should be granted on this basis alone.

---

[1] Additional subpoenas were generated directed to the <u>attorneys</u> representing Ms. Giratos and Ms. Aileen Connors, one of which was allegedly served upon the Law Offices of Jonathan E. Fortman, Custodian of Records which is the subject of another Motion to Quash filed in this District Court on January 21, 2013, Case No.: 4:13-mc-0042 AGF, In Re: Law Office of Jonathan E. Fortman, LLC which remains pending at the time of the filing of Movant's Motion relating to the underlying settlement and objection filed January 8, 2013.

8.      Pursuant to Local Rule 37-304 Movant's Counsel made repeated attempts to discuss the withdrawal of the subpoena on January 24th by e-mail, and by making himself available for telephone calls on that evening, and placing one (1) call to Mr. Edelson that was not returned at approximately 7:30 p.m. On the morning of January 25th Movant placed another phone call to Mr. Jay Edelson at 10:10 a.m., which was not returned, instead an e-mail response was received continuing to demand that Movant "meet and confer" with multiple members of his office.  Movant's Counsel continued to make himself available for a telephone call with Mr. Edelson until 1:00 p.m., or providing Mr. Edelson with the continued opportunity to explain why he would not withdraw the subpoena directed to Movant.  No conversation occurred, as Mr. Edelson refused to discuss the matter without requiring the involvement of his entire legal staff on the phone.

9.      The attempt to subpoena the information requested and obtain the depositions of Movant is outrageous and warrants sanctions for the following reasons:

a.   Pursuant to Rule 45(c)(1) of the Federal Rules of Civil Procedure, an attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  Class Counsel has failed to comply with that requirement.  Class Counsel is utilizing the subpoena for an improper purpose, namely to harass and intimidate Movant for filing an Objection to their settlement and then withdrawing her objection.  Furthermore, Class Counsel seeks to interfere with the attorney client relationship between Movant and John C. Kress, by reinvolving her in a lawsuit for which she has withdrawn, in order to punish Ms. Giratos for filing and objection and then withdrawing same.  The information sought is not relevant to the proposed settlement of Class Counsel, particularly since she has withdrawn her objection.  Furthermore, requiring Movant to comply with the subpoena would also result in undue burden and expense on Movant.  The non-privileged information sought is available by search of records on Pacer without the need for Movant to take time off of work to regurgitate information that is accessible in the

3

public domain.

    b. <u>Class Counsel encouraged persons to seek the advice of attorneys.</u> Class Counsels' efforts to obtain such information from the Movant contradicts the very language promulgated by Class Counsel in the Long-Form Class Action Notice that encourages consumers to seek out the advice of an attorney if they have questions concerning the settlement.  The relevant sections are as follows:

> Notice, para 11, pg 4:  "The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions you can talk to the lawyers listed in Question 18 for free, or you can, of course, talk to your own lawyer if you have questions about what this means."
>
> Notice, para 13, pg 4:  "If you want to be represented by your own lawyer in this case, you may hire one at your own expense."
>
> Notice, para 22, pg 5:  "Do I have to come to the (Fairness) hearing?  No.  Class Counsel will answer any questions the Court may have.  *** If you send an objection or comment, you don't have to come to Court to talk about it.  *** You may also pay another lawyer to attend, but it's not required."

The bottom line is Class Counsel offers their class members the opportunity to discuss the settlement with other attorneys- but do not want anyone to actually challenge their proposed settlement.  Objectors have the right to seek counsel of their choosing.  Constance Giratos is no different.  Apparently, Class Counsel did not disclose that they would seek to penalize anyone who filed an objection and then withdrew it, by forcing Movant to waste time and money on having their attorney file a Motion to Quash.

    c. <u>Discovery is no longer permitted to be conducted in the underlying action.</u> Class Counsel is subject to an order that has limited discovery in this instant case, with a cutoff that occurred on August 7, 2012 (EXHIBIT 3 attached hereto, Document 31, ID #113, filed 11/8/11).  Class Counsel has failed to direct its litigation activities to the proper forum to lift such discovery cutoff,

4

making it appropriate for this Court to immediately grant this Motion to Quash on such basis alone. Judge Guiterrez, in the trial court's Standing Orders dated September 22, 2011 in the underlying action makes it painfully obvious that Class Counsel has no right to subpoena anyone, let alone Movant:

> 12. Continuances. This Court has a strong interest in keeping scheduled dates certain. <u>Changes in dates are disfavored.</u> Trial dates set by the Court are firm and will rarely be changed. Therefore, a stipulation to continue the date of any matter before this Court must be supported by a sufficient basis that demonstrates good cause why the change in the date is essential. Without such compelling factual support, stipulations continuing dates set by this Court will not be approved. Counsel requesting a continuance must lodge a proposed stipulation and order including a detailed declaration of the grounds for the requested continuance or extension of time. **Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties.** Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders. Counsel wishing to know whether a stipulation has been signed shall comply with the applicable Local Rule.

(EXHIBIT 4, Doc 20, ID #73, Case 2:11-cv-05935-PSG-AGR) (emphasis added).  Class Counsel has failed to comply with the Standing Order of the trial judge.  It is understandable why they won't seek to continue the discovery period, as Class Counsel would have to show a "sufficient basis" demonstrating "good cause" why such extension beyond August 7, 2012 is warranted.  Notable, the Standing Order makes it clear that "Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties."  Here is proof positive that class counsel will not be allowed to move forward with any subpoenas or discovery in this case, for the simple reason that they issued such subpoenas and served them without first seeking permission from the trial court.
This Court should not permit class counsel to attempt to ignore the trial court's order by using the Eastern District Court to violate the trial judge's Standing Order, and permit such discovery to occur. Sanctions are are warranted, along with quashing this subpoena.

       d.    <u>Class Counsel seeks Work Product.</u>  The information sought by class counsel through the obtainment of records viewed or discussed with Movant are protected from production and constitutes the work product of the undersigned.  Class Counsels' quest to harass and intimidate

5

Movant is directed at documents and information that would constitute work product.

Since 1947, the Supreme Court of the United States makes clear the public policy arguments against compelling the production of information from attorneys:

> Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. . . This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways — aptly though roughly termed . . . as the "work product of the lawyer." Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served

*Hickman v. Taylor*, 329 U.S. 495,510-511(1947); see also *State v. Cohen*, 262 S.W.3d 648, 650-651 (Mo. Banc. 2008). Allowing Class Counsel to depose Movant and force her to produce documents is effectively a reversal of sixty-six (66) years of jurisprudence.  Even grand jury subpoenas are not subject to an exception. *Cohen*, 262 S.W.3d at 654-655.  Class Counsel would have this Court disregard the very same ethical rules and privileges here in Missouri that class counsel enjoy in their State of Illinois and California.

Even if such work product could be produced without violating the confidentiality of the client, class counsel would need to make a showing of "substantial need" and that they were "unable without undue hardship to obtain the substantial equivalent of the materials by other means." Id.  Here, Class Counsel seeks documents pertaining to other client matters that are a matter of public record, that are readily available should Class Counsel choose to access such databases. Moreover, there is no "substantial need" to obtain communications concerning Movant's attorney and Movant and other attorneys, or its retainer agreements.  For this reason alone, the Motion to Quash

6

should be granted.

    e. <u>Class Counsels' subpoena violates established ethical rules.</u> Class counsel cannot provide this Court with any authority that would justify or condone the reversal of established ethical rules designed to protect the very abuses class counsel seeks to perpetrate by forcing Movant to turn over confidential information shared with her attorney during a seven (7) year period.

    f. <u>The discovery lacks relevance.</u>  Each and every request made in the attached subpoena seeks to reveal nothing more than client confidences between Movant and her attorney(s) or discussions with 3rd parties that have no relevance on whether the settlement in the underlying action is fair, failing to satisfy the basic standards of Rule 26, requiring that at minimum the discovery sought relates to a "claim for defense."  <u>Roberts v. Shawnee Mission Ford, Inc.</u>, 352 F.3d 358, 361 (8th Cir., 2003).  Moreover, it is difficult to understand how a non-party who withdrew her objection to the settlement could provide any information to establish a "claim or defense" for either the plaintiff in the underlying matter, or defendant.

    g. <u>The Deposition is not limited in temporal scope, and is therefore unduly burdensome and reflective of Class Counsels' harassment and punishment of Movant.</u>  The deposition is scheduled to occur at 9:30 a.m., and apparently would last all day long.  Just long enough to cause a person to lose a day of work, and another day of preparation with her attorney.  Stated differently, how much time do you need Movant to say that she filed the objection, and withdrew it?  Class Counsels' failure to limit the temporal scope of the deposition demonstrates that the deposition is designed to punish Ms. Giratos.  There is no other reason.

  10. As a result of having to seek redress from this Court, Movant's Counsel has had to interrupt work on other matters and Movant has been inconvenienced by having to address this matter with her attorney, in a case to which she had withdrawn her objection and in which Class Counsel has failed to obtain a court order reopening the discovery period in the underlying action

(Exhibits 3 & 4). This Court has the inherent power to to assess attorney's fees against counsel who ignore a discovery order. *Roadway Express, Inc., v. Piper*, 447 U.S. 752, 764-65 (1980). Judge Gutierrez's Standing Order supports such an award for attorney's fees, as "Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders."(Exhibit 4, Doc #20, ID #73, p. 9). Discovery has been closed in the underlying matter since August 7, 2012 (Exhibit 3). Class Counsel has failed to obtain an Order reopening discovery in the underlying case, and because of their failure to comply with the Standing Order, is now barred from obtaining discovery. As a result, Movant seeks sanctions against Class Counsel, and each of them, in the amount of $6,500.00.

Rule 26 of the Federal Rules of Procedure requires that an attorney who signs and verifies a request for discovery warrants that the request is "not interposed for any improper purpose" or to harass, delay or increase the cost of the litigation. Nor is the discovery sought "unreasonable or unduly burdensome or expensive". F.R.C.P. 26. Not only did Class Counsel fail to seek and obtain an Order to reopen discovery, they are seeking documents and a deposition from a person who withdrew her objection to the settlement. An improper purpose exists- to punish Constance Giratos, and harass and intimidate her because she filed an objection to their proposed settlement. If they indeed had a legitimate reason under the Rules, then why not get an order from the trial judge to reopen discovery? It is painfully obvious that Class Counsel is using the Eastern District Court to obtain discovery that the Central District Court of California will not allow. This Court has the inherent power to assess attorney's fees against Class Counsel because they have "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Roadway Express, Inc.*, 447 U.S. at 766. Under Rule 26(g)(3), this Court should impose the appropriate sanction, payment of Movant's attorney's fees.

11.     Movant also seeks a stay of the deposition scheduled to occur on January 30th, until such time that this Court rules on this Motion, and further requests that if this Court were to order

Movant to be deposed that such deposition be limited to thirty (30) minutes in length, and on a date and time mutually agreeable to Movant, her Counsel and Class Counsel to accommodate her work schedule.

WHEREFORE, for the foregoing reasons, Movant prays this Court quash the subpoena, award her attorney's fees of $6,500.00 along with any further relief the Court deems just and proper.

Respectfully submitted,

THE KRESS LAW FIRM, LLC


By      /S/  John C. Kress
John C. Kress #53396
Attorney for Movant
4247 South Grand Boulevard
St. Louis, MO  63111
(314) 631-3883
(314) 332-1534 Fax
jckress@thekresslawfirm.com

**CERTIFICATE OF SERVICE**

A true and accurate copy of the foregoing has been served on the following Class Counsel by electronic mail, this 25th day of January, 2013, addressed to the following:

Suzanne Havens Beckman
shavens@parisihavens.com
David C. Parisi
dcparisi@parisihavens.com
PARISI & HAVENS LLP
15233 Valleyheart Dr.
Sherman Oaks, California  91043

Jay Edelson
jedelson@edelson.com
Ryan D. Andrews
randrews@edelson.com
Ari J. Scharg
ascharg@edelson.com
John C. Ochoa
jochoa@edelson.com
350 North LaSalle, Suit 1300

9

Chicago, Illinois  60654

                                          _____/S/ John C.Kress_____